303/335-2714

FILED
UNITED STATES DISTRICT COURT
DENVER

SEP - 9 2010

GREGORY C. LANGHAM
CLERK

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT COLORADO

Stevan Wayne Dittmer &
Debra Ann Dittmer
Plaintiff's ProSe'
V.
HELLERSTEIN AND SHORE P.C.,
Defendant
HOMEQ SERVICING &
DEUTSCHE BANK NATIONAL TRUST
COMPANY
Co-Defendant's and Does 1-10, inclusive,

Case No:1:10-cv-01830-DME-KMT
CIVIL RIGHTS COMPLAINT
PURSUANT TO 15 USC § 1681 & §1601&
Colorado DCPA 12-14-101

Trial By Jury Demanded

## OPPOSITION TO MOTION TO DISMISS CLAIMS
## OR FOR SUMMARY JUDGMENT

Comes now the Plaintiffs Stevan Wayne Dittmer & Debra Ann Dittmer:

And files this motion in Opposition to Dismiss Claims or For Summary Judgment.

**Opposition to Defendants motion for Summary Judgment:**

To defeat Defendants motion for summary judgment, Plaintiff need not present any direct evidence of conscious or reckless disregard. Rather, he must merely present evidence from which the trier of fact could deduce such disregard. *Cushman v. Trans Union Corp.*, 920 F. Supp. 80, 84 (E.D. Pa. 1996) ("It is not necessary for the plaintiff to produce a 'smoking gun' or other form of definite proof.") *aff'd* 115 F.3d 220 (3rd Cir. 1997). "Instead, where intent has not been explicitly expressed, the trier of fact may deduce it from the surrounding circumstances."30 *Ibid.* The "surrounding circumstances" may include a defendant's awareness of the problems and failure to take any corrective action, both of which are present here. *See, e.g., Coughlin v. Tailhook Assn.*, 112 F.3d 1052, 1057 (9th Cir. 1997) (hotel's knowledge of prior convention-related assaults and its failure to take adequate steps to prevent such occurrences supported jury's finding of "conscious disregard"); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47, 649 (9th

1

Cir. 1991) (affirming award of punitive damages based on police chief's "recklessness or callous indifference" to prior complaints concerning inadequate procedures); *Ingram v. Acands, Inc.*, 977 F.2d 1332, 1342 (9th Cir. 1992) (knowledge of health risks of asbestos and failure to provide warning constituted "wanton disregard" entitling plaintiff to punitive damages).

"When willfulness is an issue, summary judgment should be granted with caution, since questions such as intent or motive are presented." *Simpson v. United States*, 652 F.2d 831, 834 (9th Cir. 1981) ("Whether the efforts of [defendant] were so feeble as to rise to the level of willfulness is a material issue of fact which should have prevented summary judgment and which now warrants reversal."). *See also Miller*, 945 F.2d at 1467. In numerous FCRA cases, courts have consistently denied defendant's motion for summary judgment on punitive damages. *Wiggins*, 848 F. Supp. at 219 ("this Court cannot say that the record shows willfulness, or the absence of willfulness, as a matter of law. Rather, the Court believes that it should be left to the jury to resolve the disputed facts and decide whether those facts demonstrate a willful failure to follow reasonable procedures.") (Citing *Collins v. Retail Credit Co.*, 410 F. Supp. 924, 931-32 (E.D. Mich. 1976). Summary judgment is appropriate only when the designated evidentiary material shows that there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Id.; Ind. Trial Rule 56(C). When reviewing an entry of summary judgment, we stand in the shoes of the trial court. Sizemore v. Templeton Oil Co., 724 N.E.2d 647, 650 (Ind. Ct. App. 2000).

Defendant admits they restarted collection activity again six months later yet the Plaintiffs have received no proof of any alleged account through today's date even when asking for a qualified written request.

**Motion To Dismiss Should Also Be Denied:**

Pursuant to Federal Rules of Civil Procedure 12(b) (6), and the jurisprudence construing same, when faced with a Motion to Dismiss under Rule 12(b) (6), the court must treat the facts alleged in the complaint as admitted. *Ward v. Hudnall*, 366 F.2d 247 (5th Cir. 1966); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Furthermore, the complaint is sufficient if it shows that plaintiff is entitled to any relief, regardless of whether it alleged the proper theory of the case. *Janke Construction Co. v. Vulcan Materials Co.*, 527 F.2d 772 (7th Cir. 1974); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1833 (1989). Plaintiff's allegations must be treated and presumed as true and correct in all respects and plaintiff's factual allegations are to be liberally construed so that plaintiff is likewise afforded each and every favorable inference to be drawn there from. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683 (1974); *Miree v. Dekalb County, Georgia*, 433 U.S. 25, 97 S.Ct. 2490 (1977). Motions to Dismiss are not favored and are granted only when it appears to a certainty that no set of facts could be proven at trial which would entitle Plaintiff to any relief. *Dann v. Studebaker-Packard Corp.*, 288 F.2d 201 (6th Cir. 1961).

Respectfully submitted this 9 day of September 2010.

Stevan Wayne Dittmer

Debra Ann Dittmer
10720 S. Forest Dr.
Colorado Springs, CO 80908
(719) 495-0852
steve@agfreedom.org

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the forgoing complaint, Dittmer vs. Hellerstein and Shore 5347 S. Valentia Way, Suite 100, Greenwood Village, Colorado 80111 mailing address-P.O. Box 5637, Denver, Colorado, 80217,(303)573-1080, HOMEQ, 4837 WATT AVE., SUITE 200, NORTH

3

HIGHLANDS, CA 95660 and Deutsche Bank National Trust Company 60 Wall Street, New York, NY, 10005-2836, (212) 250-2500 , has been served upon the Defendants at their business address, on or about 9 day of September by U.S. Postal Service.

Hellerstein CM # 7009 0960 0000 7979

5008

AltomEq CM # 7010 0780 0001 7839 2766

Deutsche CM # 7010 0780 0001 7839 2773

Stevan Wayne Dittmer

Debra Ann Dittmer
10720 S. Forest Dr.
Colorado Springs, CO 80908
(719) 495-0852
steve@agfreedom.org

4